UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL ANSERIO GILMER,

                Petitioner,                Case No. 1:13-cv-425

v.                                                           Honorable Robert J. Jonker

CINDI CURTIN,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

I. Factual Allegations

Petitioner presently is incarcerated at the Oaks Correctional Facility. He is serving a prison term of eight years and three months to twenty years, which was imposed by the Berrien County Circuit Court on April 15, 2010, after Petitioner pleaded guilty to possession with intent to deliver or manufacture 50 to 449 grams of a controlled substance, MICH. COMP. LAWS § 333.7401(2)(a)(iii). (Pet., docket #1, Page ID#1.)

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals. On November 27, 2012, the appellate court rejected his application as untimely under MICH. CT. RULE 7.205(F)(4). Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court. In a letter dated February 20, 2013, the supreme court rejected Petitioner's filing as untimely. *See* MICH. CT. RULE 7.302(C)(2).

In his application for habeas corpus relief, Petitioner raises the following four grounds:

I. [Petitioner] is entitled to a new trial based on [p]rosecutorial [m]isconduct where discovery material was withheld from the defense in violation of state and federal constitution[s], [and the] [S]ixth and [F]ourteenth amendment[s].

II. Based on newly discovered evidence[,] there was insufficient evidence to convict [Petitioner] of [the] underlying charge of MCL 333.7401 . . . .

III. [Petitioner's] state and federal constitutional right[s] to [the] effective assistance of counsel was violated when: (a) [defense] counsel failed to request all discovery materials[,] (b) [defense counsel] [f]ailed to properly investigate[,] and (c) [defense counsel allowed Plaintiff to plead] guilty to a cha[r]ge he was actually innocent of.

IV. The trial court abuse[d] its discretion when it participated in the discussion of [Petitioner's] sentence [beforehand].

(Pet., docket #1, Page ID#15.)

Petitioner filed the instant habeas petition on or about April 16, 2013.[1]

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on April 16, 2013, and it was received by the Court on April 18, 2013. Thus, it must have been handed to prison officials for mailing at some time between April 16 and 18. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on April 15, 2010. He filed an application for leave to appeal with the Michigan Court of Appeals but it was dismissed on November 27, 2012, as untimely. In other words, while Petitioner filed an appeal, he did not properly appeal his conviction in the Michigan Court of Appeals. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). Petitioner had one year, until April 15, 2011, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. In fact, the Michigan Supreme Court rejected Petitioner's pleadings in a letter dated February 20, 2013. Thus, Petitioner may not count the time that his appeal was pending in the Michigan Supreme Court; nor may he count the 90-period for filing a petition for a writ of certiorari. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255,

where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, Petitioner's conviction became final on April 15, 2011.

Petitioner had one year, until April 15, 2012, to file his habeas application. Petitioner filed the instant petition on or about April 16, 2013, nearly a year after the statute of limitations expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

According to paragraph nineteen of Petitioner's application, Petitioner states the following regarding the timeliness of his petition (verbatim):

> The Court records reflect the last Order or Opinion from the Court is Nov 27, 2012. See. Attached Appendix-C: The Court records also, reflect the Petitioner challenged his State conviction in Pro Per of his 4th, 5th, 6th and 14th Amendment Constitutional rights being violated but briefs was returned at (NO-FAULT) of his own. Petitioner states, if heard on the merits the outcome will be different. See. Attached Exhibit (G) and (H).

(Pet., docket #1, Page ID#13.) Petitioner has failed to allege any facts or circumstances that would warrant equitable tolling in this case. He merely reiterates that he filed a delayed application for leave to appeal in the Michigan Court of Appeals and attempted to file a delayed application for leave to appeal in the Michigan Supreme Court. As previously stated, Petitioner did not timely file an appeal with either of the Michigan appellate courts in accordance with the Michigan Court Rules. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable

juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner claims that there was insufficient evidence to convict him of possession with the intent to deliver or manufacture 50 to 449 grams of cocaine. He states that the seized cocaine had never been analyzed and its weight changed during the state's investigation. (Pet., docket #1, Page ID##16-17.) Petitioner also provides that the November 9, 2009 Berrien County Drug Laboratory Property Audit revealed that the seized drugs in his case were not properly sealed. (*Id.* at Page ID#16.)

Petitioner's claim of innocence is without merit. First, Petitioner pleaded guilty to possession with the intent to deliver or manufacture 50 to 449 grams of cocaine. While pleading guilty may not outright preclude Petitioner from claiming actual innocence, *see Chestang v. Sisto,* No. 09-17621, 2013 WL 2489963, at **1-2 (9th Cir. June 10, 2013) (citation omitted), it seriously undermines his claim. Second, actual innocence claims focus on "new" evidence, i.e., "relevant evidence that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327–28. The Berrien County Drug Laboratory Report dated March 20, 2009 (listing 988.2 grams of cocaine) and the Michigan State Police Laboratory Report dated November 12, 2009 (listing 1001 grams of cocaine) were readily available to Petitioner when he pleaded guilty on April 15, 2010. (*See* Attach. to Pet., docket #1-5, Page ID##247-48.) Moreover, the Berrien County Drug Laboratory Property Audit

dated November 9, 2009 was available to Petitioner before he pleaded guilty.  (*See id.*, Page ID##219-225.)  Petitioner therefore proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  August 28, 2013                               /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).