UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANSERIO GILMER,

        Petitioner,                        Case No. 1:13-CV-425

v.                                          HON. ROBERT J. JONKER

CINDI CURTIN,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Michael Anserio Gilmer, has filed an Objection (docket #4) to Magistrate Judge Hugh W. Brenneman's Report and Recommendation issued August 28, 2013 (docket #3). The Report and Recommendation recommends that this Court deny Gilmer's habeas corpus petition as barred by the one-year statute of limitations. When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a *de novo* review of the Report and Recommendation, Gilmer's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation and deny Gilmer's habeas petition.

## I. Gilmer's Objections

Gilmer presents two objections: (1) the magistrate judge incorrectly concluded that Gilmer's petition is time-barred, and (2) he is actually innocent, entitling him to equitable tolling of the statute of limitations.[1]

### A. Statute of Limitations

Gilmer first objects to the magistrate judge's conclusion that his petition is time-barred. Gilmer does not deny that he has failed to satisfy the one-year statute of limitations. Rather, his objection appears to be that he is entitled to equitable tolling because he thought he had counsel to file his direct appeals in a timely manner. This is insufficient to warrant habeas relief.

Courts grant equitable tolling "sparingly." *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Circ. 2011). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish that he has been pursuing his rights diligently . . . . And second, the petitioner must show that some extraordinary circumstances stood in his way and prevented timely filing." *Id.* The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). That a petitioner is untrained in the law, was proceeding without a lawyer, or was unaware of the statute of limitations for a certain period of time does not warrant equitable tolling. *See id.* at 403–04; *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

The burden is on Gilmer to explain why his misunderstanding that he had attained appellate

---

[1] Gilmer also objects on the merits of his petition, which the magistrate judge did not reach because he concluded that Gilmer's petition is time-barred. Because the Court adopts the analysis of the Report and Recommendation, it need not reach these objections.

2

counsel kept him from diligently pursuing his habeas petition, and to show that some extraordinary circumstances stood in his way. Gilmer's vague statement that he thought he had attained appellate counsel is insufficient to satisfy his burden.

### B. Actual Innocence

Second, to the extent that the Court interprets Gilmer's objection as a claim of actual innocence entitling him to equitable tolling, his objection lacks merit. The magistrate judge addressed this in the Report and Recommendation, observing that Gilmer has not offered any new evidence of his innocence, and certainly not evidence that makes it more likely than not that no reasonable jury would have convicted him. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). The Court agrees that Gilmer is not entitled to habeas relief on these grounds.

## II. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Gilmer's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. For the reasons stated above, the Court finds that reasonable jurists

could not find that this Court's dismissal of Gilmer's claims was debatable or wrong. Thus, the Court will deny Gilmer a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation (docket #3) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Gilmer's objections (docket #4) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Gilmer's habeas petition (docket #1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will issue.


Dated:  February 26, 2014 /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE